UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ALAIN ENRIQUE FERNANDEZ-
HERNANDEZ,

                Petitioner,

v.

                No.  6:26-CV-00081-H

WARDEN, EDEN DETENTON
CENTER,

                Respondent.

## ORDER

Petitioner Alain Enrique Fernandez-Hernandez is a native and citizen of Cuba. Proceeding pro se, he filed a 28 U.S.C. § 2241 habeas petition to challenge the legality of his immigration detention in the Eden Detention Center since November 28, 2025, when ICE detained him at his routine immigration check-in. Dkt. No. 1. He claims that his prolonged detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and constitutional rights to due process. He seeks immediate release and a declaration that his detention is unlawful.

On March 23, 2026, Respondent filed a response and relevant records, arguing that the Court should deny the petition because Fernandez-Hernandez fails to demonstrate that his continued detention violates the Constitution or laws of the United States. Dkt. Nos. 7, 8. In particular, Respondent argues that, even though Fernandez-Hernandez was already present in the United States when ICE detained him, and had been for years prior, under the binding precedent recently established by the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, Fernandez-Hernandez is nevertheless deemed an "applicant for admission" for purposes of 8 U.S.C. § 1225(a)(1) and, therefore, subject to mandatory detention without bond under

Section 1225(b)(2)(A) for the duration of his removal proceedings. Dkt. No. 7; *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). Additionally, Respondent argues that the lawfulness of Fernandez-Hernandez's detention is not governed by 8 U.S.C. § 1231 or *Zadvydas* because he is not subject to an order of removal, much less an administratively final one. Lastly, Respondent argues that Fernandez-Hernandez's due process claims have no merit, noting that he is scheduled to have an individual merits hearing before an immigration judge on March 27, 2026.

In his reply, Fernandez-Hernandez insists that there is no lawful basis for his prolonged detention. He states and attaches records to show that an immigration judge has since ordered his removal to Cuba, and that his appeal of that order is pending before the Board of Immigration Appeals (BIA). Dkt. Nos. 9, 9-1. Fernandez-Hernandez also attaches various documents to show that he has complied with his immigration-reporting requirements since 2021, is of good character, and fears systemic abuse by the Cuban government if he returns there.

To the extent Petitioner argues that his post-removal-order detention is unlawful under Section 1231 and *Zadvydas* because his removal is not imminent, his argument fails. The government's Section 1231 obligation to remove an alien who has been ordered removed from the United States within 90 days ("the removal period"), and the subsequent presumptively reasonable six-month period of detention to effectuate such removal, as established by *Zadvydas*, begins on the latest of three dates, none of which have transpired yet here. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(1)(B).[1]

---

[1] The removal period beings on the latest of the following dates: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a

The Court takes judicial notice of the fact that, as of today, Fernandez-Hernandez's appeal of the immigration judge's March 27, 2026 removal order remains pending before the BIA.[2] Thus, the removal order has not become administratively final, which Fernandez-Hernandez concedes. Dkt. No. 9 at 1. And Fernandez-Hernandez does not argue or plead any facts to show that the removal period has begun under another provision of Section 1231(a)(1)(B).

Although Respondent has not filed a sur-reply to address the recent procedural developments in Fernandez-Hernandez's removal proceedings, for the above-stated reasons, the Court concludes Fernandez-Hernandez's detention is not governed by Section 1231 or *Zadvydas* at this time. Instead, as argued by Respondent, Fernandez-Hernandez remains subject to mandatory detention under Section 1225. Fernandez-Hernandez does not reply to this specific argument raised by Respondent or otherwise show that his detention under Section 1225 is unlawful.

For these reasons and those stated in Respondent's response, the Court concludes that Fernandez-Hernandez fails to demonstrate that his continued detention is unlawful and, in turn, fails to demonstrate that he is entitled to any of the relief that he seeks in his petition. Accordingly, the Court denies Fernandez-Hernandez's petition.

---

stay of the removal of the alien, the date of the court's final order; (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. *See id.* at § 1231(a)(1)(B)(i)–(iii). A removal order becomes administratively final on the earlier of two dates—when the BIA affirms the removal order or when the time for seeking review of the order by the BIA expires. *See Lopez Acosta v. Rosen*, 832 F. App'x 891, 892 (5th Cir. 2021) (citing 8 U.S.C. § 1101(a)(47)(B)).

[2] The Court takes judicial notice of public case information available on the U.S. Department of Justice Executive Office for Immigration Review website. *See* https://www.justice.gov/eoir/board-of-immigration-appeals (last visited May 5, 2026).

However, in the event the BIA affirms the March 27, 2026 removal order, rendering it administratively final for purposes of beginning the removal period under Section 1231(a)(1)(A), Fernandez-Hernandez is free to challenge any post-removal-order detention after the presumptively reasonable six-month period set forth in *Zadvydas* has expired, if he desires. Should Fernandez-Hernandez choose to do so, the Court expresses no opinion on the merits of his claims.

So ordered.

The Court will enter judgment accordingly.

Dated May____, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge